**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ,<br>JOHN DOE, AS GUARDIAN AD LITEM FOR J DOE, A MINOR<br><br>               Plaintiffs,<br>    vs.<br><br>CHURCHILL COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; AUSTIN HERZOG; TREVOR PARSONS, a minor; RACHEL DAHL, individually and as a natural parent of TREVOR PARSONS; NICK BOROVAC, a minor; BRIT BOROVAC, individually and as natural parent of NICK BOROVAC; TYLER COLE, a minor, DANETTA COLE, individually and as natural parent of TYLER COLE; HECTOR ANAYA, a minor;<br>               Defendants. | Case No.:     3:12-cv-00237 RCJ-WGC<br><br><br>**COMPLAINT & JURY DEMAND** |

**JURISDICTION AND VENUE**

1.       In this case, it is alleged that severe physical, sexual and psychological harassment was inflicted upon the minor Plaintiff when fellow students/athletes engaged in ritualistic hazing activities to which, over the years, the Defendant Churchill County School District had displayed deliberate indifference.  This deliberate indifference subjected the Plaintiff to sexual harassment.

2.       The Defendant Churchill County School District exercised substantial control over the sexual harasser students and harassed students and the context in which the known harassment occurred, and possessed actual knowledge of the sexual harassment practices such as to be able to respond with protective remedial measures, but failed to do so.

3.       That because of the hazing practices, the minor Plaintiff was subjected to, and did suffer the aforementioned sexual, physical and psychological harassment which was so severe, pervasive, and objectively offensive that he was deprived of the educational opportunities and/or benefits provided by Churchill County High School.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

4.    That as a result of the aforementioned hazing the minor Plaintiff was subjected to scorn and severe ridicule at Churchill County High School such as to be deprived of his constitutional right to an educational opportunity and benefit.

5.    This Court has federal subject Matter jurisdiction under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 42 U.S.C. § 1988.

6.    Venue in this matter is appropriate in the Federal District court of Nevada pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

7.    Plaintiff, JOHN DOE as Guardian ad Litem for J. DOE, a minor child, are currently, and at all times pertinent hereto, residents of the County of Churchill, State of Nevada.  The true names of JOHN DOE and J. DOE will be provided to Defendants and their counsel.

8.    Plaintiff JOHN DOE is the father and legal Guardian of J. DOE, a minor child. Plaintiff, J. DOE at all times pertinent hereto, was a minor enrolled in and attending Churchill County High School and was a member of the Churchill County High School Wrestling Team.

9.    Defendant, Churchill County School District is a political subdivision of the State of Nevada existing in and by virtue of the laws of the County of Churchill, State of Nevada, having and exercising full control, power and oversight over the operations and activities at Churchill County High School located in said county and State and receiving federal funding.

10.    Defendant Austin Herzog at all times pertinent hereto, was a student of majority age attending Churchill County High School and was a member of the Churchill County High School Wrestling Team.

11.    Defendant, Trevor Parsons was at all times pertinent hereto, a minor attending Churchill County High School and was a member of the Churchill County High School Wrestling Team.

12.    Defendant Rachel Dahl is the natural parent to the minor co-Defendant Trevor Parsons, being held liable individually and for the willful misconduct of said minor pursuant to NRS § 41.470.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA  89521

2

13.     Defendant Nick Borovac was, at all times hereto, a minor attending Churchill County High School and was a member of the Churchill County High School Wrestling Team.

14.     Defendant, Brit Borovac is the natural parent of the co-Defendant Nick Borovac, being held liable and individually and for the willful misconduct of said minor pursuant to NRS § 41.470.

15.     Defendant Tyler Cole was, at all times pertinent hereto, a minor attending Churchill County High School and a member of the Churchill County High School Wrestling Team.

16.     Defendant, Danetta Cole is the natural parent of the co-Defendant Tyler Cole, being held liable individually and for the willful misconduct of said minor pursuant to NRS § 41.470.

17.     Defendant Hector Anaya was, at all times pertinent hereto, a minor attending Churchill County High School and a member of the Churchill County High School Wrestling Team.

## FACTUAL ALLEGATIONS

18.     That on or about December 3, 2010, while attending a Defendant, Churchill County School District sanctioned wrestling event in Las Vegas, Nevada, along with his fellow high school teammates, the minor Plaintiff was subjected to a horrific and preventable incident of hazing inflicted upon him by his fellow teammates, to wit:

Defendant Austin Herzog; Defendant Trevor Parsons; Defendant Nick Borovac; Defendant Tyler Cole; and Defendant Hector Anaya.

19.     The acts of hazing inflicted upon the person of the minor Plaintiff included, but were not limited to, the following:

(a)  Tape being placed over his eyes while in a sound and restful sleep;

(b)  Tape being placed over his mouth and nostrils such as to severely limit his ability to breathe;

(c)  Being stripped of his clothing;

(d)  His legs being taped together, arms taped behind his back;

(e)  Being placed naked and against his will and taped to a coffee table in a sexually suggestive manner;

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

3

1

(f)  Being insulted with homophobic slurs;

2

(g)  Being spanked/hit repeatedly with the spatula on the back, legs and buttocks;

3

(h)  Jumping and kneeing him repeatedly in his back;

4

(i)   Being spat upon;

5

(j)  The handle of a spatula being covered with a condom and then inserted into his gluteal

6

folds, suggesting anal penetration;

7

(k)  Placement of hand cream upon his buttocks such as to create and/or suggest that someone

8

had ejaculated on him;

9

(l)  Chocolate pudding and ice water being thrown upon him while he took a shower to clean

10

up after the initial assault;

11

(m)  Being urinated upon;

12

(n)  Being falsely imprisoned and confined against his will; and

13

(o)  Being battered.

14

20.      In addition to the aforementioned acts of hazing, the minor Defendants, individually

15

and in concert with one another, and against the will of the minor Plaintiff, took digital photos of the

16

event and sent them via text messages to fellow students at Churchill County High School.  They also

17

placed the photos on the internet, further subjecting the minor Plaintiff to unbearable ridicule and

18

scorn by fellow athletes and classmates at Churchill County High School.

19

21.      The ridicule and scorn by fellow students and athletes went unabated by school

20

officials.  One such incident involved a fellow student making direct reference to the minor Plaintiff

21

as "spatula boy."

22

22.      Little if anything was done by school officials to protect the minor Plaintiff from

23

further psychological trauma following the hazing incident.  On one occasion a member of the

24

athletic staff at Churchill County High School expressed his displeasure with the fact that the school

25

and fellow athletes were being held somewhat accountable for the events, and stated "can you believe

that they are making such a big thing out of this?'

26

27

28

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

4

23.     Because of the minor Plaintiffs' poor upbringing by his biological parents and his subsequent adoption, as well as the rather recent estrangement of his adoptive parents, Plaintiff was extremely susceptible to psychological and emotional injury resulting from the hazing incident, as well as the subsequent scorn and ridicule.

24.     The Defendant Churchill County School District was fully aware and had full knowledge of the minor Plaintiff's particular susceptibility and vulnerability to psychological and emotional injury based upon accumulated school records and reports, and had full knowledge that the minor Plaintiff was deemed eligible under the Individuals with Disabilities Education Act (IDEA) and diagnosed with attention deficit disorder (ADHD).  The Defendant, Churchill County School District was also fully aware of the factual allegations of paragraphs 18-21, inclusive, above.

25.     The accumulated school records and reports generated by and in the possession of the Defendant Churchill County School District reflected that the minor Plaintiff was particularly susceptible to psychological and emotional injury, said records and reports revealing that the minor Plaintiff suffered from emotional and learning disabilities, and displayed behavior problems while attending school in Fallon, Nevada.

26.     As a result of the events alleged herein, the minor Plaintiff did in fact suffer severe emotional and psychological trauma and was thereafter subjected to extensive psychological analysis, evaluations and treatment on both an in-hospital for 4 1/2 months and out-patient basis—still ongoing.

27.     The minor Plaintiff required physical therapy for three months for shoulder and back damage/pain.

28.     The minor Plaintiff is likely to require psychological analysis, evaluation and treatment for the remainder of his life due to the aforementioned events.

29.     Had the Churchill County School District not displayed a deliberate indifference to the hazing incidents which took place prior to the incident in question, the minor Plaintiff would not have suffered the physical, emotional and psychological injuries alleged herein.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA  89521

30.     That as a result of the hazing incident and the subsequent ridicule and scorn suffered by the minor Plaintiff, he was forced to terminate his educational rights and opportunities afforded by the Churchill County School District.  He was forced to attend school outside the jurisdiction of the Churchill County School District.

31.     The Defendant Churchill County School district, acting by and through its authorized officials, athletic director, coaches, teachers, counselors and other personnel, was aware of repeated incidents of hazing and exhibited a conscious and deliberate indifference to such ritualistic acts.  As a result of said indifference, the minor Plaintiff was subjected and exposed to the aforementioned abuse.

### FIRST CAUSE OF ACTION
### Violation of Title IX of Education Amendments
### of 1972 20 U.S.C. § 1681 et seq.

32.     At all times pertinent hereto Defendant Churchill County School District was a recipient of federal funding.

33.     The Defendant, Churchill County School District exercised substantial control over the student harassers and student Plaintiff, and the context in which the known harassment occurs and occurred.  The complained of activity and prior similar activity occurred during a school activity under the school's disciplinary authority.

34.     The Defendant Churchill County School District, prior to and after the specific incident alleged herein, exhibited a deliberate indifference to student-on-student sexual harassment in the form of hazing which deliberate indifference subjected it's students, including Plaintiff to sexual harassment.  Said acts of sexual harassment through ritual acts of hazing being so severe, pervasive, and objectively offensive as to deprive certain victims including the minor Plaintiff, of access to the educational opportunities and/or benefits provided by Churchill County High School.

35.     That on or about December 3, 2010, the minor Plaintiff was in fact subjected to and did suffer such acts of hazing involving sexual harassment and abuse, said acts being so severe, pervasive and objectively offensive as to have deprived him of access to the education opportunities and/or benefits provided by Churchill County High School.  The sexual harassment undermined and

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA  89521

6

detracted from Plaintiff's educational experience and denied him equal access to the school's resources and opportunities by creating a disadvantaged school environment.

36.     The Defendant Churchill County School District had actual knowledge of the sexual harassment.  Defendant, Churchill County School District officials with authority both to address the sexual harassment and discrimination and to initiate corrective measures on Plaintiff and other students' behalf had actual knowledge of a substantial risk of this kind and context of sexual harassment and abuse of students, including Plaintiff, and could have prevented the Plaintiff's harm with proper remedial action.

37.     That subsequent to the events on December 3, 2010, the fellow student and/or athletes continued to engage in conduct intended to further harass, embarrass and subject the minor Plaintiff to additional scorn and ridicule by disseminating in formation and photography to Fallon students and/or athletes, said conduct going unabated by school officials.

38.     That as a result of the sexual harassment and subsequent ridicule and scorn, the minor Plaintiff was forced to leave Churchill County High School and thereby being deprived of the educational opportunities and/or benefits provided by that federally funded institution.

39.     That as a result of the sexual harassment, ridicule and scorn the minor Plaintiff did in fact suffer severe emotional and psychological trauma such as to require extensive psychological analysis, evaluation and treatment on both an in-hospital and out-patient basis, the costs of which entitles the Plaintiffs to special damages in an amount to be proven at time of trial.

40.     That as a further result of the aforementioned sexual harassment ridicule and scorn, the Plaintiffs' claim general damages for his physical and psychological harm and his humiliation, degradation and general emotional distress in an amount in excess of $75,000.00.

41.     That the Plaintiffs were required to retain counsel for purposes of enforcing and prosecuting this action and is entitled to the recovery of reasonable attorney's fees and costs.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

7

## SECOND CAUSE OF ACTION

### Negligence Churchill County School District

42.     Plaintiffs repeat and reallege paragraphs 1-31 of his Complaint and paragraphs 32-41 of the  First Cause of Action of his Complaint as if fully set forth herein and incorporates them herein by reference.

43.     The Defendant Churchill County School District failed to exercise reasonable care in protecting its students and or athletes from ritualistic hazing activities.

44.     That as a proximate result of the negligence on the part of Defendant, Churchill County School District, the minor Plaintiff sustained and suffered the aforementioned damages.

### THIRD CAUSE OF ACTION
### Intentional conduct by Austin Herzog, Trevor Parsons
### Nick Borovac, Tyler Cole and Hector Anaya

45.     Plaintiffs repeat and reallege paragraphs 1-31 of his Complaint, paragraphs 32-41 of the  First Cause of Action of his Complaint and paragraphs 42-44 of the Second Cause of Action of his Complaint as if fully set forth herein and incorporates them herein by reference.

46.     That the Defendants Austin Herzog, Trevor Parsons, Nick Borovac, Tyler Cole and Hector Anaya engaged in extreme outrageous malicious conduct such as to inflict severe and permanent physical, emotional and psychological injuries upon the minor Plaintiff.

47.     That as a proximate result of the extreme, outrageous, malicious and oppressive conduct committed by said Defendants with conscious disregard for his well being, Plaintiffs sustained and suffered the aforementioned injuries and damages.

48.     That as a further proximate result of the aforementioned extreme, outrageous, malicious and oppressive conduct, said Defendants are liable to the Plaintiffs in an amount in excess of $75,000.00 pursuant to Chapter 42 of the Nevada Revised Statutes.

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

8

## FOURTH CAUSE OF ACTION

### Negligence of Defendants Rachel Dahl, Brit Borovac and Danetta Cole

49.     Plaintiffs repeat and reallege paragraphs 1-31 of his Complaint, paragraphs 32-41 of the  First Cause of Action of his Complaint, paragraphs 42-44 of the Second Cause of Action of his Complaint and paragraphs 45-48 of the Third Cause of Action of his Complaint as if fully set forth herein and incorporates them herein by reference.

50.     That at all times pertinent hereto, the Defendants Rachel Dahl, Brit Borovac and Danetta Cole failed to exercise reasonable care in the supervision, control of their respective minor children.

51.     That as a proximate result of the negligence of said Defendants; Plaintiffs sustained and suffered the aforementioned damages.

## FIFTH CAUSE OF ACTION

### Liability of Defendants Rachel Dahl, Brit Borovac and Danetta Cole

52.     Plaintiffs repeat and reallege paragraphs 1-31 of his Complaint, paragraphs 32-41 of the First Cause of Action of his Complaint, paragraphs 42-44 of the Second Cause of Action of his Complaint, paragraphs 45-48 of the Third Cause of Action of his Complaint and paragraphs 49-51 of the Fourth Cause of Action of his Complaint as if fully set forth herein and incorporates them herein by reference.

53.     That the conduct of the minor Defendants to wit:  Trevor Parsons, Nick Borovac; Tyler Cole; and Hector Anaya, at all times pertinent hereto, was willful and malicious in nature such as to make their natural parents jointly and severally liable for such conduct pursuant to Nevada Revised Statues 41.470.

54.     That as a proximate result of the willful and malicious conduct by the minor Defendants, the Defendants Rachel Dahl, Brit Borovac and Danetta Cole are now jointly and

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA  89521

9

severally liable to the minor Plaintiff for the aforementioned injuries and damages he suffered at the hands of the minor Defendants.

WHEREFORE, Plaintiffs pray for judgment in his favor and against Defendants, jointly and severally, for the aforementioned damages, punitive damages general damages, special damages, damages pursuant to Nevada Revised Statute 41.470 in an amount in excess of $10,000.00:

1. Special damages, both past and future, in an amount to be proven at time of trial.

2. General damages in excess of $75,000.00 against the Defendants and each of them

3. Punitive damages against the minor Defendants in an amount in excess of $15,000.00

4. For damages pursuant to Nevada Revised Statute 41.470 in an amount of $10,000.00 against the named Defendants Rachel Dahl, Brit Borovac, Danetta Cole.

5. For reasonable attorney fees and costs pursuant to 20 U.S.C. § 1681 and 42 U.S.C. § 1988.

6. For such other and further relief as this Court may deem proper.

DATED this 22nd day of May, 2012.

/s/  Don Nomura
_____
DON NOMURA
Nevada State Bar No:  2228
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, NV 89521
Tel: (775) 322-1170
Fax: (775) 322-1865
Email: dnomura@laxalt-nomura.com

VICTOR G. DRAKULICH, ESQ.
Nevada State Bar No. 2184
845 Brown Street
Reno, Nevada  89509
775-786-3891
Email: 3rdman@charter.net

Attorneys for Plaintiffs JOHN DOE AS
GUARDIAN AD LITEM FOR J. DOE

LAXALT & NOMURA, LTD.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA  89521

10